UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SIR JONZ CATER,

                Plaintiff,

         v.

KING COUNTY et. al.,

                Defendants.

Case No. C10-1259-RAJ-BAT

**REPORT AND RECOMMENDATION**

Plaintiff is currently incarcerated and proceeding *pro se* and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983. Dkt. 6. Citing several deficiencies, the Court issued an order directing plaintiff to amend his complaint on September 1, 2010. Dkt. 9. On November 18, 2010, plaintiff filed an amended complaint. Dkt. 14. Plaintiff names the following defendants: King County; King County Sheriff's Department; Hikari Tamura, Director of Adult Detention; and David Fleming, Director of King County Public Health. *Id.* at 4. Plaintiff's complaint alleges defendants are responsible for operating the King County Jail including the development and implementation of jail operations. *Id.* He further alleges defendants are "responsible for adopting, implementing, and/or enforcing the unlawful policies, and customs referenced in this complaint." *Id.*

The essential facts giving rise to plaintiff's § 1983 claim relate to his attempt to commit

REPORT AND RECOMMENDATION- 1

suicide during his incarceration.  While housed in the mental health ward of King County Jail, staff allowed plaintiff to order a bottle of aspirin.  Plaintiff ingested the entire bottle in an attempted suicide on April 1, 2009.  *Id.* at 5-9.  Plaintiff's placement in the mental health ward appears to be directly in response to his prior suicide attempt in February of 2009.  *Id.* at 4.  Plaintiff further alleges he had a documented ongoing risk of suicide and suicidal ideations.  *Id.* at 5-9.  Plaintiff also alleges that a lack of training on the part of jail operations staff may have resulted in his ability to access the aspirin and again attempt suicide.  *Id.* at 16-17.  Plaintiff seeks declaratory relief, injunctive relief, and monetary damages.  *Id.* at 18-19.

   Based on these facts, plaintiff argues defendants acted under color of state law and violated his Eighth Amendment rights.  The law of this Circuit establishes that the Eighth and Fourteenth Amendments guarantee inmates and detainees receive constitutionally adequate medical and mental health care.  *Conn v. City of Reno*, 591 F.3d 1081, 1094 (9th Cir. 2010) (citing *Doty v. Cnty. of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994)).  To set forth a constitutional claim under the Eighth Amendment predicated upon failure to provide medical treatment, the plaintiff must show a "serious medical need" and that defendant was "deliberately indifferent" to that need.  *Conn,* 591 F.3d at 1094-95 (citing *Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir. 2006)).  A heightened suicide risk or attempted suicide is a "serious medical need."  *Conn*, 591 F.3d at 1095.

   To sustain an action under § 1983, a plaintiff must also show defendants (1) acted under color of state law and (2) deprived plaintiff of rights secured by the Constitution or federal statutes.  *Gibson v. U.S.,* 781 F.2d 1334, 1338 (9th Cir. 1986).  Counties and municipal government officials may be sued under § 1983, however the plaintiff must demonstrate the alleged constitutional deprivation was the product of a policy or custom of the local

REPORT AND RECOMMENDATION- 2

governmental unit. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). A plaintiff may also establish municipal liability by demonstrating the alleged constitutional violation was caused by a failure to train municipal employees adequately. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-91 (1989). Whether a plaintiff seeks to establish municipal liability through policy, custom, or failure to train, he must establish an affirmative causal link between the municipal policy or practice and the alleged constitutional violation. *See Id.* at 385, 391-92.

Based upon the above legal standards and the somewhat mysterious circumstances that allowed plaintiff to acquire the bottle of aspirin, the Court finds it is unable to review this case without input from defendants in the form of a motion to dismiss or an Answer. Information regarding the policies, customs and training in place with respect to inmates who pose a suicide risk in King County Jail is solely in the hands of defendants. The Court thus issued an Order directing service on King County, Hikari Tamura, and David Fleming.

However, the Court recommends that King County Sheriff's Department be dismissed from this lawsuit. The King County Sheriff's Department is an entity of King County and, as such, is not a proper defendant in this action. *See Nolan v. Snohomish Cnty.*, 59 Wn. App. 876, 883 (1990) ("[I]n a legal action involving a county, the county itself is the only legal entity capable of suing and being sued").

A Proposed Order accompanies this Report and Recommendation.

DATED this 6th day of December, 2010.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3