UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SIR JONZ CATER,

        Plaintiff,

    v.

KING COUNTY, et. al.,

        Defendants.

Case No. C10-1259-RAJ-BAT

**REPORT AND RECOMMENDATION**

Plaintiff has brought a § 1983 civil rights action,[1] alleging King County, Hikari Tamura, Director of Adult Detention, David Fleming, Director of King County Public Health and unknown defendants were deliberately indifferent to his medical needs. Dkt. 14. He further alleges defendants are responsible for adopting, implementing, or enforcing the unlawful policies, and customs referenced in this complaint. *Id.* Defendants Tamura and Fleming ask the Court to dismiss them from the case because they had no involvement in the acts complained of and had no contact with plaintiff. Dkt. 25. As discussed below, the Court recommends the motion be **GRANTED** and the claims against Tamura and Fleming be dismissed **DISMISSED** with prejudice.

---

[1] Plainitff proceeds pro se and in forma pauperis

REPORT AND RECOMMENDATION- 1

**BACKGROUND**

In his amended complaint, plaintiff claims he was placed in the King County Jail's mental health ward after he attempted suicide in February of 2009. Dkt. 14. While there, he alleges unknown staff allowed him to order two envelopes, ten chocolate donuts, and a bottle of aspirin from the jail commissary. *Id.* at 4. Plaintiff ingested the entire bottle in an attempted suicide on April 1, 2009. Dkt. 14 at 5-9. Plaintiff contends defendants were deliberately indifferent to his medical needs by (1) "developing unlawful policies and procedures causing him to have access to aspirin; (2) "allowing him to have access to access to aspirin by giving his access to a "regular unit store order form"; (3) not having a policy or training program that would prevented plaintiff from having access to aspirin. *Id.* at 13-16.

Defendants do not ask the Court to dismiss plaintiff's complaint entirely. Rather, defendants request Tamura and Fleming be dismissed from the case because they did not participate in the acts alleged by plaintiff. In her declaration, Tamura states: she is the Deputy Director of the Department of Adult and Juvenile Detention (DAJD); her office is outside of the jail; she does not supervise the officers who work inside the DAJD; she has had no contact with plaintiff; she was not involved with decisions regarding his housing status, or access to commissary items; and that prior to this lawsuit, she had no knowledge of plaintiff's claims. Dkt. 27. Tamura also states she is not involved in plaintiff's medical care because the DAJD is not responsible for providing health care to inmates. *Id.*

Fleming, in his declaration, states: he is the Director of the King County Department of Public Health; he is not involved in the day to day operations of the jail; in April 2009, the Jail Health Services (JHS) manager did not discuss plaintiff's medical circumstances with him; in April 2009, he was neither involved in any decisions regarding plaintiff nor had any knowledge

REPORT AND RECOMMENDATION- 2

of plaintiff's claims; and that JHS does not administer the jail's commissary program.  Dkt. 26.

## DISCUSSION

**1. Summary Judgment Standard**

As defendants have submitted affidavits in support of their motion, the Court construes the motion as one for summary judgment.  Summary judgment should be granted when, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Vander v. U.S. Dep't of Justice*, 268 F.3d 661, 663 (9th Cir. 2001).  Once the moving party has satisfied its burden of demonstrating the absence of a genuine issue of material fact, it is entitled to summary judgment if the non-moving party fails to present "specific facts showing that there is a genuine issue for trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  The evidence submitted by the non-moving party must be sufficient, taking the record as a whole, to allow a rational jury to find for the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

While pro se litigants should be given more leeway, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), they still must comply with the rules of procedure that govern other litigants.  *King v. Atiyeh*, 814 F.2d 565, 567 (1987).  The Court advised plaintiff in the pretrial scheduling order issued on February 23, 2011 that:

> When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be

REPORT AND RECOMMENDATION- 3

dismissed and there will be no trial.  *Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998) (emphasis added).

Dkt. 23 at 2.  Defendants have submitted declarations showing they did not personally participate in the alleged violations.  Plaintiff has not presented anything disputing this.  Defendants thus argue that under Fed. R. Civ. P. 56 (e)(2) and Local Court Rule CR 7(b)(2), where an opposing party does not respond, the Court should grant a properly made and supported motion for summary judgment.  Dkt. 29.  This argument erroneously cites to an obsolete version of Rule 56.  Under the current rule, where a party fails to properly address another party's assertion of fact, the Court may consider the fact undisputed for purposes of the motion, and may grant summary judgment if the motion and supporting materials show the movant is entitled to it.  *See*  Fed. R. Civ. P. 56 (e)(2) and (3).  The current rule also permits the Court to give the opposing party more time to respond.  This is not appropriate, here, as the motion has been pending since March 31, 2011 and plaintiff has had ample time to respond to it, or request additional time.

**2. Tamura and Fleming did not personally participate in the acts alleged and should be dismissed from the case**

To state a § 1983 claim predicated upon failure to provide medical treatment, a plaintiff must show a "serious medical need" and that defendant was "deliberately indifferent" to that need.  *Conn v. City of Reno*, 591 F.3d 1081, 1094-5 (9th Cir. 2010) (citing *Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir. 2006)).  A heightened suicide risk or attempted suicide is a "serious medical need."  *Conn*, 591 F.3d at 1095.

A defendant is not liable in a § 1983 civil rights action if he or she did not personally participate in the alleged violation.  *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 781 (9th Cir. 1997).  A defendant personally participates if he "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do

REPORT AND RECOMMENDATION- 4

that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Although there is no pure respondeat superior liability under § 1983, a supervisor is liable for the constitutional violation of subordinates "if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Under this standard and the uncontested facts presented, Tamura and Fleming should be dismissed from the case.  Although Tamura was the Deputy Director for DAJD at the time plaintiff ingested aspirin, she was not involved in any of the acts plaintiffs assert and had no knowledge of the alleged violations.  In fact, she did not even know about plaintiff's claims until he filed this lawsuit.  Thus, Tamura cannot be liable for the alleged constitutional violations of jail staff because she did not participate in, direct, or know of and fail to prevent the alleged violations.

Similarly, although Fleming was the Director of Public Health at the time plaintiff took aspirin, he was not involved in any of the acts plaintiffs assert.  Thus, Fleming cannot be liable for the alleged constitutional violations of jail officers because he did not participate in, direct, or know of and fail to prevent the alleged violations.  Additionally, plaintiff's allegations do not appear to focus on the medical care provided by the jail.  That is, plaintiff does not allege the medical staff incorrectly gave him the wrong medications or denied him requested treatment.  Rather, the gist of plaintiff's complaint is that certain unnamed jail officers violated his rights by letting him order ten chocolate donuts and aspirin from the jail commissary.  Essentially, plaintiff is alleging unknown jail officers goofed in processing his commissary request for aspirin.

In sum, based on the uncontested facts, the Court recommends that Tamura and Fleming be dismissed from this case, for lack of personal participation.  A Proposed Order accompanies

REPORT AND RECOMMENDATION- 5

1  this Report and Recommendation.

2         DATED this 22nd day of April, 2011.

3

4                                              /s/
                                        BRIAN A. TSUCHIDA
5                                       United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION- 6