# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

SIR JONZ CATER,

        Plaintiff,

v.

KING COUNTY, et. al.,

        Defendants.

Case No. C10-1259-RAJ-BAT

**REPORT AND RECOMMENDATION**

In August, 2010, plaintiff brought a § 1983 action against King County, Hikari Tamura, David Fleming, the King County Sheriff, and unknown defendants. He alleged they were deliberately indifferent to his medical needs and implemented unlawful policies that caused him injury. Dkt. 14. The Court dismissed plaintiff's claims against the King County Sheriff in February 2010, and against Tamura and Fleming in May 2011. Dkts. 24, 36.

On July 11, 2011, the remaining defendant, King County, moved for summary judgment. Dkt. 40. Plaintiff filed no response. As discussed below, the Court recommends the motion be **GRANTED** and the case be **DISMISSED** with prejudice.

**BACKGROUND**

Plaintiff alleges he was placed in the King County Jail's mental health ward after he attempted suicide in February of 2009. Dkt. 14. While there, he claims he found a "regular unit

REPORT AND RECOMMENDATION - 1

store order form" in his cell on March 31, 2009.[1] Using this form, plaintiff ordered and obtained two envelopes, ten chocolate donuts, and a bottle of aspirin from the jail commissary.[2] On April 1, 2009, he ingested the entire bottle in an attempted suicide. *Id.* at 5-9.

Plaintiff contends King County violated his Eighth Amendment rights by being deliberately indifferent to his medical needs by (1) having unlawful policies and procedures that caused him to have access to aspirin; (2) allowing him access to aspirin by giving him a "regular unit store order form"; and (3) failing to have a training program that would have prevented him from having access to aspirin.[3]

**DISCUSSION**

**A.     Summary Judgment Standard**

Summary judgment should be granted if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.[4] Once the moving party has satisfied this burden, the Court should grant summary judgment if the non-moving party fails to present "specific facts showing that there is a genuine issue for trial."[5] The evidence submitted by the non-moving party must be sufficient, taking the record as a whole, to allow a rational jury to find for the non-moving party.[6]

While pro se litigants should be given more leeway,[7] they still must comply with the rules

---

[1] *Id*. at 6.
[2] *Id.* at 4.
[3] *Id.* at 13-16.
[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[5] *Celotex Corp.*, 477 U.S. at 324.
[6] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).
[7] *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

REPORT AND RECOMMENDATION - 2

of procedure that govern other litigants.[8] Mindful that plaintiff is not a lawyer, the Court advised him in the pretrial scheduling order issued on February 23, 2011 that:

> When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998) (emphasis added).

Dkt. 23 at 2. Despite this advisement, plaintiff has failed to present anything that shows that as a result of a county policy or failure to train, plaintiff was allowed to obtain aspirin in the county jail. It is therefore appropriate to grant summary judgment, and dismiss this action.

**B.       Section 1983 Standard**

A local government unit, such as King County, can be sued as a "person" under § 1983.[9] A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury.[10] A mere conclusory allegation of constitutional harm is insufficient without specific, plausible facts to support it. *Ascroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009).

**C.       Sufficiency of the Amended Complaint**

As an initial matter, plaintiff's amended complaint contains nothing more than bald or conclusory assertions that King County policies or the lack of training caused his injuries. *See*

---

[8] *King v. Atiyeh*, 814 F.2d 565, 567 (1987).
[9] *Monell v. Dep't of Soc. Servs., of City of New York*, 436 U.S. 658, 691 (1978).
[10] *Bryan County Commissioners v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694).

REPORT AND RECOMMENDATION - 3

Dkt. 14. To survive dismissal, plaintiff must present sufficient factual matter that states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citations omitted).

Plaintiff's amended complaint leaves the Court with only conclusory statements that do not state a claim for relief. As the Supreme Court discussed in *Ashcroft*, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" *Ashcroft v. Iqbal*, at 1949. On its face, then, plaintiff's amended complaint fails to set forth sufficient facts to state a claim for relief against King County under § 1983 and should be dismissed for that reason.

**D.     The Undisputed Facts Support Defendant's Motion for Summary Judgment**

Even if the Court were to conclude the amended complaint sets forth sufficient facts to state a claim for relief, the uncontroverted facts submitted by King County establish King County is entitled to summary judgment. Defendant have submitted declarations showing King County is not liable under § 1983. Dr. Brian Waiblinger, M.D., was the director of the jails psychiatric services at the time plaintiff was held at King County jail. Dkt. 42. Dr. Waiblinger avers due to mental problems, plaintiff was on suicide watch and carefully monitored. Plaintiff's mental status improved and he was taken off of suicide watch on March 12, 2009. On April 23,

REPORT AND RECOMMENDATION - 4

2009, plaintiff told the jail psychiatric staff he swallowed a bottle of aspirin that he "bought." *Id.* at 4. On July 7, 2009, plaintiff told staff that he asked a trustee for bottles of aspirin and a commissary slip so he could prove his lawsuit against the County. *Id.* Dr. Waiblinger avers all County policies regarding inmate suicide prevention for plaintiff were followed. *Id.*

Corrinna Hyatt, avers she is a major at the County jail and has worked at the jail for 22 years. She avers that during that time, she is unaware of any other incident where an inmate was able to access commissary items to attempt suicide in the way plaintiff did. Dkt. 43.

Defendant also attached copies of its policies and procedures regarding suicide prevention including training that staff receives to prevent suicide in the jail (Dkt. 43) and a copy of its commissary procedures and policies that contain limitations and restrictions on what certain inmates may buy. Dkts. 44, 45.

Plaintiff has not presented anything disputing this. As such, the Court considers the facts defendant has presented as undisputed for purposes of the motion, and concludes defendant is entitled to summary judgment. *See* Fed. R. Civ. P. 56 (e)(2) and (3). The uncontested declarations and exhibits King County has submitted establish (1) King County does not have practices and customs that would enable jail inmates to attempt suicide; (2) King County had no notice plaintiff would attempt suicide as there is no history of jail inmates obtaining aspirin to attempt suicide in the way plaintiff did, and plaintiff was off of suicide watch when he obtained the aspirin; (3) there is evidence plaintiff obtained the aspirin by persuading another inmate to give him a regular commissary order form; and (4) King County has procedures and policies to properly train its jail staff regarding suicide prevention.

Under Rule 56, the Court may give plaintiff more time to respond to defendant's motion. This is not appropriate, here. This case was initiated in August, 2010 and the summary judgment

REPORT AND RECOMMENDATION - 5

motion has been pending since July 11, 2011; plaintiff has had ample time to respond to the motion, or request additional time.

**CONCLUSION**

For the foregoing reasons, the Court recommends the motion for summary judgment be **GRANTED** that this matter be **DISMISSED** with prejudice.  Any objections to this Recommendation must be filed and served upon all parties no later than **August 29, 2011.**  If no objections are filed, the matter will be ready for the Court's consideration on that date.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on the date the response is due.  Objections and responses shall not exceed twelve pages.  The failure to timely object may affect your right to appeal.

A Proposed Order accompanies this Report and Recommendation.  The Clerk is directed to provide a copy of this Report and Recommendation to the parties and to the Honorable Richard A. Jones.

DATED this 8th day of August, 2011.

BRIAN A. TSUCHIDA
United States Magistrate Judge